Evans J.
delivered the opinion of the Court.
The general rule is, that where there are several judgments, for the same debt, as in the case of makers and indorsers of a promissory note, a payment by any one of the debts will operate as a satisfaction of the judgment against all who are liable. This was decided in the case of Noonan v. Gray, 1 Bailey, 436. In that case the judgment was paid by the indorser, who subsequently got an assignment from the plaintiff, but it was held that the judgment being extinguished by the payment, there was nothing for the assignment to operate upon. The payment of one of the several judgments extinguished that, and by operation of law, all other judgments for the same debt were extinguished also. There is no doubt this is the general rule, and the question is, does it apply to this case? From the sheriff’s return, it appears the judgment of the Bank against Charles Cosnahan was paid by him. lie requested it should be left open, and said he was to have an assignment of the case. Under these circumstances, if the assignment had been to him there is no doubt the case would come within the decision in Noonan v. Gray. But the assignment is to Joseph Cosnahan, and hence it is agreed the case is like the case of Carson v. Richardson, 3 M’Cord, 528. Now, if Joseph Cosnahan had paid his money to the bank, and the bank had, in consideration thereof, promised him an assignment of all the judgments for the same debt, then he would be a purchaser, and I apprehend would be entitled to the money. Or if he had paid the money to the attorney as a friend, with the stipulation that it was to be returned when the debtor’s property w'as sold, and that he should have an assignment if necessary; then it would be like the case of Carson v. Richardson, and in both these cases it would be immaterial when the assignment was made, so it was executed before the assignee demanded the money. But in the present case, it appears the money was paid by the debtor himself to the sheriff. This fact unexplained was a satisfaction of all the judgments, *419 as well the judgment against Charles Cosnahan, as the judgments against the prior indorsers and the drawer, according to the case of Noonan v. Gray. His statement to the sheriff, at the time, that he was to have an assignment, can make no difference, as the satisfaction of his own judgment satisfied all the rest, as to whom, his being the last indorser, only placed him in the position of a simple contract creditor. I do not mean to say that Joseph Cosnahan may not be entitled to the money. If he had actually purchased the judgments from the bank, and there had been an agreement, that on his paying the money to the sheriff or the attorney, the bank would assign the judgments to him, he might stand in the position of assignee, but nothing of that appears satisfactorily; the recital in the assignment is inconsistent with the other facts of the case; and this Court will not proceed in the summary way by attachment to coerce the sheriff to pay money to one who has established no clear right to it.
The motion to reverse the decision of the Circuit Court is granted.